Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ LUIS SANTIAGO RODRÍGUEZ<br><br>Recurrido<br><br>v.<br><br>GENERAL EQUIPMENT FINANCIAL, LLC; ISLA REPOSSESSIONS & COLLECTIONS, INC; **POLICÍA DE PUERTO RICO, POR SI Y POR CONDUCTO DEL ESTADO LIBRE ASOCIADO;** BMO TRANSPORTATION FINANCE; G&H COMMUNICATION, INC.; PERSONA ABC; Y ASEGURADORA XYZ<br><br>Peticionarios | TA2026CE00747 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2025CV01372<br><br>Sobre: Reivindicación |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece la parte peticionaria, el Gobierno de Puerto Rico, por conducto de la Oficina del Procurador General, mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 1 de abril de 2026, notificada el 6 del mismo mes y año. Mediante esta, el foro primario declaró No Ha Lugar una moción de desestimación instada por la parte peticionaria, conforme a la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[1]

Por los fundamentos que se exponen a continuación, denegamos la expedición del auto discrecional solicitado.

---

[1] "[...] dejar de exponer una reclamación que justifique la concesión de un remedio".

**I**

El 5 de agosto de 2024, José L. Santiago Rodríguez (Santiago Rodríguez o el recurrido) instó una *Demanda* sobre impugnación de confiscación y devolución de vehículo ocupado, en contra del Estado Libre Asociado de Puerto Rico (el Estado), la Policía de Puerto Rico (Policía) y el Departamento de Justicia.[2] En esencia, alegó que, el 2 de abril de 2024, la Policía ocupó un vehículo de su propiedad, marca Kenworth, modelo T880 de 2018, por una alegada investigación de hurto en los Estados Unidos. Así, sostuvo que habían transcurrido más de 120 días sin que la Policía le indicara la acción que tomaría respecto al vehículo. Como remedio, solicitó que se decretara la invalidez de la confiscación y, en consecuencia, se ordenara la entrega inmediata del vehículo. En la alternativa, requirió el pago del valor de dicho vehículo en el mercado, a la fecha de su ocupación.

Tras el diligenciamiento de los emplazamientos, el 28 de agosto de 2024, el Estado instó una *Solicitud de desestimación por falta de jurisdicción sobre la materia.*[3] En síntesis, planteó que, en este caso, no se cumplían los requisitos establecidos en la Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et seq.*, conocida como *Ley Uniforme de Confiscaciones*, para la procedencia del trámite expedito provisto por ese estatuto. En cambio, sostuvo que el reclamo del recurrido constituía una acción reivindicatoria ordinaria, por lo que procedía su consideración en un procedimiento ordinario.

Por su parte, el 6 de septiembre de 2024, Santiago Rodríguez se opuso a la solicitud de desestimación del Estado.[4] En esta, reiteró

---

[2] Entrada núm. 1 del caso núm. SJ2024CV07234 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Entrada núm. 6 del caso núm. SJ2024CV07234 del SUMAC.
[4] Entrada núm. 8 del caso núm. SJ2024CV07234 del SUMAC.

su solicitud de que se ordene la devolución del vehículo ocupado o, en la alternativa, la continuación de los procedimientos.

Tras evaluar la postura de ambas partes respecto a la mencionada controversia jurisdiccional, el 27 de diciembre de 2024, el foro primario emitió una *Sentencia Final,* que fue notificada el 3 de enero de 2025.[5] Mediante esta, declaró con lugar la solicitud de desestimación por falta de jurisdicción instada por el Estado. Como fundamento, el foro *a quo* acogió expresamente "todos los argumentos y fundamentos esbozados" en la moción dispositiva aludida. De este modo, la *Sentencia Final* que dispuso del caso número SJ2024CV07234 es, al día de hoy, final, firme e inapelable.

Así, como resultado de lo anterior, el 19 de febrero de 2025, Santiago Rodríguez instó la *Demanda* de epígrafe, sobre reivindicación, en contra de General Equipment Financial, LLC. (General Equipment); Isla Repossessions & Collections, Inc. (Isla) y MAPFRE Praico Insurance Company (MAPFRE).[6] Como remedio, solicitó nuevamente la devolución inmediata el vehículo en cuestión o, en su defecto, el pago del valor de dicho vehículo en el mercado, a la fecha de su ocupación. Además, una indemnización ascendente a $500,000.00, que se compone de varias partidas, en resarcimiento por los daños, perjuicios y pérdidas que alegó sufrir como resultado de la incautación del vehículo.

En resumen, con posterioridad, el recurrido solicitó desistir sin perjuicio de la reclamación instada contra General Equipment.[7] A tales fines, el 26 de marzo de 2025, el foro primario emitió una *Sentencia Parcial,* que fue notificada el 1 de abril de 2025. Mediante esta, acogió el desistimiento sin perjuicio en contra de General Equipment.[8]

---

[5] Entrada núm. 13 del caso núm. SJ2024CV07234 del SUMAC.
[6] Entrada núm. 1 del caso núm. SJ2025CV01372 del SUMAC.
[7] Entrada núm. 8 del caso núm. SJ2025CV01372 del SUMAC.
[8] Entrada núm. 14 del caso núm. SJ2025CV01372 del SUMAC.

Por su parte, el 24 de abril de 2025, Isla presentó una *Moción de desestimación por falta de parte indispensable*.[9] En esencia, adujo que el Estado era parte indispensable y que el recurrido no lo había acumulado en la *Demanda* de epígrafe.

En igual fecha, MAPFRE presentó una *Moción de desestimación y/o de sentencia sumaria parcial*.[10] Esencialmente, sostuvo que la reclamación en su contra no está cobijada por la póliza de seguro expedida en cuanto al vehículo en controversia.

Así las cosas, el 5 de junio de 2025, el foro primario emitió y notificó una *Resolución Interlocutoria*, en la que denegó la solicitud de desestimación de Isla.[11] Asimismo, el 25 de agosto de 2025, emitió una *Sentencia Parcial*, notificada al día siguiente, en la que declaró Ha Lugar la solicitud de MAPFRE y desestimó con perjuicio la causa de acción instada en su contra.[12]

Asimismo, en respuesta a un segundo planteamiento de Isla a los fines de reiterar que el Estado debía considerarse parte indispensable, el 25 de agosto de 2025, el foro *a quo* emitió y notificó una *Resolución Interlocutoria*.[13] Mediante esta, le ordenó al recurrido enmendar la *Demanda* e incluir como partes indispensables, tanto a la Policía como a las empresas BMO Transportation Finance y G&H Communication, Inc. A tales fines, el 29 de agosto de 2025, Santiago Rodríguez presentó una *Demanda Enmendada*.[14]

Una vez acumulado en el pleito, y luego de una serie de incidencias procesales, el 2 de febrero de 2026, el Estado presentó una *Moción de desestimación*.[15] El planteamiento que el Estado formuló como fundamento para solicitar la desestimación de la causa de acción incoada en su contra se basó en los dos

---

[9] Entrada núm. 16 del caso núm. SJ2025CV01372 del SUMAC.
[10] Entrada núm. 17 del caso núm. SJ2025CV01372 del SUMAC.
[11] Entrada núm. 27 del caso núm. SJ2025CV01372 del SUMAC.
[12] Entrada núm. 46 del caso núm. SJ2025CV01372 del SUMAC.
[13] Entrada núm. 44 del caso núm. SJ2025CV01372 del SUMAC.
[14] Entrada núm. 47 del caso núm. SJ2025CV01372 del SUMAC.
[15] Entrada núm. 85 del caso núm. SJ2025CV01372 del SUMAC.

señalamientos siguientes: 1) Que la demanda estaba prescrita; 2) Que el recurrido omitió cumplir con el requisito de notificación oportuna al Estado, sobre su intención de demandarlo.[16]

En cumplimiento con una orden del tribunal, el 9 de febrero de 2026, Santiago Rodríguez presentó un escrito que tituló *Oposición a moción de desestimación.*[17] En síntesis, para refutar los dos planteamientos en que se basa la solicitud de desestimación del Estado, el recurrido aludió a la presentación de la *Demanda* original sobre impugnación de confiscación y devolución de vehículo ocupado, instada el 5 de agosto de 2024. Entiéndase, sostuvo que la presentación de la mencionada demanda interrumpió el término prescriptivo y que, además, constituyó notificación adecuada para el Estado.

Luego de evaluar la postura de ambas partes, el 1 de abril de 2026, el foro primario emitió la *Resolución* recurrida, la cual fue notificada el 6 del mismo mes y año. En virtud de esta, suscribió el razonamiento consignado por el recurrido en su escrito de oposición y declaró No Ha Lugar la solicitud de desestimación presentada por el Estado.

En desacuerdo, el 21 de abril de 2026, el Estado presentó una *Moción de reconsideración.*[18] Por su parte, el 28 de abril de 2026, Santiago Rodríguez presentó un escrito en oposición.[19] Luego de considerar ambas posturas, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración, mediante una *Resolución Interlocutoria* emitida y notificada el 12 de mayo de 2026.[20]

Todavía inconforme, el 11 de junio de 2026, el Gobierno de Puerto Rico, representado por la Oficina del Procurador General,

---

[16] Véase, Artículo 2-A de la Ley Núm. 104-1955, según enmendada, 32 LPRA sec. 3077, conocida como *Ley de Reclamaciones y Demandas contra el Estado.*
[17] Entrada núm. 87 del caso núm. SJ2025CV01372 del SUMAC.
[18] Entrada núm. 94 del caso núm. SJ2025CV01372 del SUMAC.
[19] Entrada núm. 96 del caso núm. SJ2025CV01372 del SUMAC.
[20] Entrada núm. 98 del caso núm. SJ2025CV01372 del SUMAC.

acudió ante este Foro mediante el recurso de epígrafe y adujo que el foro *a quo* cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por el Estado en cuanto al reclamo de "acción reivindicatoria", aun cuando en las alegaciones de la demanda el recurrido admite que el Estado ya no se encuentra en posesión del bien mueble en controversia.

> Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por el Estado contra la demanda de título, a pesar de que en este caso aplica la doctrina de cosa juzgada.

> Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación del Estado en cuanto al reclamo de daños y perjuicios, debido a que la acumulación de este como demandado en la segunda acción no subsana el incumplimiento del señor Santiago Rodríguez con el requisito de notificación oportuna de su intención de demandar al Estado antes de incoar su primera demanda contra este.

Tras una evaluación preliminar del recurso de epígrafe, el 17 de junio de 2026, emitimos y notificamos una *Resolución*. En esta, dispusimos que el recurrido tendría el término que surge de la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, para expresarse en cuanto al recurso de epígrafe.[21]

En cumplimiento de nuestra orden, el 22 de junio de 2026, Santiago Rodríguez presentó un *Oposición a petición de certiorari*. Mediante este, adujo que los señalamientos de error formulados por la Oficina del Procurador General carecen de mérito y que el foro *a quo* actuó de manera razonable y dentro del marco de su discreción judicial al denegar la solicitud de desestimación. En específico, rechazó que la presente causa de acción estuviera prescrita y señaló que el primer pleito sobre impugnación de confiscación constituyó notificación suficiente para el Estado.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

---

[21] Véase, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados, Inc.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> **El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de** una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de **la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

(Negrillas suplidas).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para

revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, nos corresponde evaluar el recurso a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.[22] A esos efectos, la referida disposición establece los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera Gómez v. Arcos Dorados, Inc.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[22] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por tanto, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

**III**

El recurso de *certiorari* es el vehículo procesal adecuado para procurar la revisión del dictamen recurrido, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*. Ello, por tratarse de un dictamen interlocutorio mediante el cual el foro primario declaró No

Ha Lugar una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*. Así las cosas, luego de evaluar el recurso, a la luz de los criterios de nuestra Regla 40, *supra*, resolvemos no intervenir para revocar el dictamen recurrido. Veamos.

Tras evaluar la *Resolución* recurrida, no consideramos que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Así también, de un examen de las particularidades de este caso, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso a la justicia. Tampoco consideramos que la etapa de los procedimientos en que se presenta el caso sea la más propicia para su consideración. En síntesis, en el presente caso, no concurren elementos que justifiquen nuestra intervención para intervenir, a los fines de interferir con el criterio del foro *a quo*.

En virtud de lo antes mencionado, y analizado el caso de autos a la luz de la totalidad de las circunstancias, consideramos que no corresponde nuestra intervención. Por tal razón, procede denegar el auto discrecional solicitado.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del auto discrecional solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones